11-2255-cv
Lenz v. Young



**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of June, two thousand twelve.

PRESENT:    GUIDO CALABRESI,
            GERARD E. LYNCH,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

_____

GORDON A. LENZ, JAY EDMOND RUSS,
                        *Plaintiffs-Appellants*,

            v.                                    No. 11-2255-cv

AARON YOUNG, SAINT ANNES DEVELOPMENT COMPANY, LLC,
                        *Defendants-Appellees,*

_____

FOR APPELLANTS:        Paul Batista, New York, NY.

FOR APPELLEES:         Steven B. Gould, Brown & Gould, LLP, Bethesda, MD.

Appeal from the United States District Court for the Eastern District of New York

(Thomas C. Platt, *Judge*).

MANDATE

MANDATE ISSUED ON 07/16/2012

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants Gordon A. Lenz and J. Edmond Russ appeal the district court's grant of summary judgment for defendants-appellees.  Lenz and Russ asserted claims for defamation based on two newspaper articles published in August of 2008.  We assume familiarity with the facts and history of the case.

This Court reviews a grant of summary judgment de novo, viewing the record in the light most favorable to the party opposing summary judgment.  See, e.g., Salamon v. Our Lady of Victory Hosp., 514 F.3d 217, 226 (2d Cir. 2008).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The first article, published in the August 13th edition of New York Newsday, titled "Lawsuits: Trabich Transferred Contracts Because of Debt", discusses two civil suits brought by Young and Saint Annes against Lenz and his former business partner, Neal Trabich.  As described in the article, those suits "accuse[] Global Golf owner Neal Trabich of conspiring with a top Long Island insurance executive to transfer the lucrative contract for the Bethpage State Park golf concessions so Trabich could avoid paying his rising debts."  The alleged defamatory statement in this article comes in the final paragraph, in which Ken Novikoff, attorney for appellee Saint Annes, is quoted as saying: "We are confident that when we get discovery . . . we'll get the true picture of what the relationship was between Mr. Lenz and

2

Mr. Trabich." The article also states that Novikoff "argued [that] the deal was 'concealed' from the state."

The second article was published in the Maryland <u>Daily Record</u> on August 20, 2008. Its title is "Golf course investor presses to speed up Md. case," and the subtitle is "Urgency comes after developer pleads guilty to bribery in New York." The article describes one of Young's civil suits and quotes Young. In relevant part, the article states:

> Young, 50, said Trabich "is just the first domino to fall." He said actions against the other members of what he calls "the triumvirate" – Trabich's lawyer Jay Russ and his business partner Gordon Lenz, both in New York – will come in the next few months.
>
> "We are vigorously pursuing Gordon Lenz and we will soon commence vigorously pursuing Jay Russ," said Young, who has alleged the men conspired to put Trabich's assets out of Young's reach. "I think you're going to see a lot more litigation and I think the nefarious nature of this scheme will continue to unravel."

The district court found that no reasonable reader could find these statements defamatory. We agree.

Under New York law, "it is for the court to decide whether the statements complained of are reasonably susceptible of a defamatory connotation, thus warranting submission of the issue to the trier of fact." <u>Silsdorf v. Levine</u>, 449 N.E.2d 716, 719 (N.Y. 1983) (internal quotation marks omitted). In so doing, the court must consider "[t]he entire publication, as well as the circumstances of its issuance." <u>Id</u>. "Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that

only statements alleging facts can properly be the subject of a defamation action." Gross v. N.Y. Times Co., 623 N.E.2d 1163, 1167 (N.Y. 1993) (internal quotation marks omitted). Thus, the "dispositive inquiry" in this case is "whether a reasonable reader could have concluded that the articles were conveying facts about" the plaintiffs. Id. (internal quotation marks and alterations omitted).

A reasonable reader would find the complained-of statements to be opinion, not fact. First, with respect to the Newsday story, it is clear that Novikoff's statement that the deal was "concealed" from the state communicated his *belief* about what would be proven in the lawsuit after discovery. Although the author of the story puts only the word "concealed" in quotation marks, the sentence clearly states that Novikoff *argued* that the deal had been concealed. In the context of a larger story about a lawsuit, and given Novikoff's description as an attorney – including his fully quoted statement that a fuller picture would emerge after discovery – no reasonable reader could believe that the statement was anything other than Novikoff's opinion about how the suit would proceed.

Second, with respect to the Maryland Daily Record story, although appellants argue that Young's use of the word "triumvirate" and his claim that Trabich was "just the first domino to fall" falsely asserted that Russ and Lenz would be criminally prosecuted, the full article belies that claim. As the title and subtitle make clear, Young was interviewed about his civil case, which had acquired a new urgency because a key player was about to go to prison. The overall focus of the piece is on the effect of the criminal plea on the civil case. The paraphrased statement attributed to Young, that "actions against the other members of

4

what he calls 'the triumvirate' . . . will come in the next few months," clearly refers to civil actions: Young, a private citizen, is of course not empowered to bring criminal charges.

In sum, New York courts "will not strain to find a defamatory interpretation where none exists," Cohn v. Nat'l Broad. Co., 408 N.E.2d 672, 673 (N.Y. 1980), and neither will we.

We have considered the Appellants' remaining arguments and conclude that they are without merit.  The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit